**NOT FOR PUBLICATION WITHOUT THE
APPROVAL OF THE APPELLATE DIVISION**

This opinion shall not "constitute precedent or be binding upon any court." Although it is posted on the internet, this opinion is binding only on the parties in the case and its use in other cases is limited. R. 1:36-3.

SUPERIOR COURT OF NEW JERSEY
APPELLATE DIVISION
DOCKET NO. A-3271-17T3

LEO JOSEPH,

    Plaintiff-Appellant,

v.

REGINALD T. WILLIAMS and
21st CENTURY INSURANCE
COMPANY,

    Defendants,

and

ONYX INSURANCE COMPANY,

    Defendant-Respondent.

_____

Argued telephonically February 7, 2019 – Decided February 21, 2019

Before Judges Nugent and Reisner.

On appeal from Superior Court of New Jersey, Law Division, Essex County, Docket No. L-1301-16.

James C. Mescall argued the cause for appellant (Mescall & Acosta, PC, attorneys; James C. Mescall, on the brief).

John M. Bashwiner argued the cause for respondent (Bashwiner and Deer, LLC, attorneys; John M. Bashwiner, of counsel and on the brief).

PER CURIAM

Plaintiff, Leo Joseph, appeals the summary judgment dismissal of the counts of his complaint that sought uninsured motorist (UM) coverage from defendant, Onyx Insurance Company, for injuries plaintiff sustained in a vehicular accident. The accident occurred when a Ford Explorer driven by defendant, Reginald T. Williams, struck the Crown Victoria taxicab plaintiff was driving.[1] Williams' Ford Explorer was insured under an Allstate New Jersey Insurance Company "basic policy" that did not provide liability coverage.[2] The taxicab plaintiff was driving was insured under an Onyx Business Auto Policy, which included UM limits of $15,000 per person.

The trial court determined the Onyx policy's UM insurance did not provide coverage for plaintiff. The court based its decision on the plain language of N.J.S.A. 17:28-1.1(e)(2), which states in pertinent part: "'Uninsured motor

---

[1] Defendant Williams did not file an answer. The trial court entered a default judgment against him.

[2] Basic automobile insurance policies are authorized by N.J.S.A. 39:6A-3.1. Liability insurance coverage is optional. N.J.S.A. 39:6A-3.1(b).

A-3271-17T3

vehicle' shall not include an automobile covered by a basic automobile insurance policy."

We affirm, substantially for the reasons expressed by Judge Annette Scoca in her concise written opinion. The statute is dispositive. Plaintiff's arguments require no further discussion. R. 2:11-3(e)(1)(E).

Affirmed.

I hereby certify that the foregoing is a true copy of the original on file in my office.

CLERK OF THE APPELLATE DIVISION

A-3271-17T3